UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| HUBERT FENNELL,<br><br>    Plaintiff,<br><br>v.<br><br>CHILD SUPPORT OFFICE of<br>SAVANNAH, GEORGIA, and<br>WELFARE OFFICE of SAVANNAH,<br>GEORGIA,<br><br>    Defendant. | Case No. CV405-197 |

## REPORT AND RECOMMENDATION

Plaintiff filed a motion for leave to proceed *in forma pauperis* in his action against the Child Support Office and the Welfare Office on October 25, 2005. Doc. 1. Since plaintiff had not fully completed the form application, on November 3, 2005, this Court ordered him to file an amended IFP application so that the Court could rule on the motion. Doc. 4. Plaintiff filed his amended application on November 7, 2005. Doc. 5. From the information plaintiff provided to the Court in his amended

application, it appears that plaintiff qualifies to proceed IFP, and his motion is therefore GRANTED.[1]

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in IFP proceedings the Court "shall dismiss the case at any time if the court determines that the action . . . is either frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." Accordingly, the Court will evaluate plaintiff's complaint to determine whether he states a cognizable claim.

In his complaint, plaintiff alleges that defendants are garnishing a portion of his disability check to satisfy a child support order. Doc. 1. Plaintiff claims he is not the father of the child. Id.

Official Code of Georgia § 19-11-4 provides that in administering the Child Support Recovery Act, the Department of Human Resources shall be governed by the "Georgia Administrative Procedure Act," as set forth in Chapter 13, Title 50 of the Official Code of Georgia. O.C.G.A. § 19-11-4.

---

[1] Plaintiff attached a bank statement to his application for the period September 16, 2005 to October 14, 2005 showing an opening and closing balance of $0.30, with no apparent deposits or withdrawals during the period. The Court will presume for purposes of evaluating *in forma pauperis* status that this is the total value of accounts plaintiff claimed to hold on his application.

Under that Act, "any person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." O.C.G.A. § 50-13-19(a). It is further provided that "proceedings for review are instituted by filing a petition within thirty days after service of a final decision of the agency or, if a rehearing is requested, within thirty days after the decision thereon." O.C.G.A. § 50-13-19(b). The petition may be filed in the superior court of the county of residence of the petitioner. Id.

In plaintiff's one paragraph complaint, he states that the Welfare Office and Child Support Office "accused [him]" of being the father of a child and then began "taking half of [his] disability check for a child that's not [his]." Doc. 1. Plaintiff does not provide any information relating to this decision, such as which agency or court made the decision or the date of the decision. Further, plaintiff does not indicate whether there is currently another complaint regarding this decision pending in another court or whether he has previously filed any previous challenges to this

order.[2]   Finally, plaintiff's complaint does not indicate the relief sought.[3]

Following review pursuant to § 1915, the Court finds that plaintiff's complaint fails to state a claim on which relief may be granted.  Namely, plaintiff has not asserted any federal cause of action that would give this Court jurisdiction to hear his case.  While plaintiff may have state remedies that would afford him relief from the child support order, he must pursue those remedies in the appropriate state forum, not in this Court.  Thus, plaintiff's complaint must be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 18Th day of January, 2006.

```
_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
```

---

[2]Plaintiff fails to indicate whether he has complied with the procedure for challenging a determination as provided in the Georgia Administrative Procedure Act. The Court notes that even if plaintiff had previously filed a challenge to the agency determination in superior court, this Court would not be the proper forum in which to bring an appeal from that determination.  Further, the Rooker-Feldman doctrine may prevent this Court from hearing such appeal. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

[3]The complaint references an attorney to whom plaintiff allegedly paid $500 and who "promised to have a D.N.A. done and go before a judge but that never happen" (sic). Doc. 1.  The Court notes that this attorney has not been named as a defendant in the suit. Nor would the addition of the attorney as a named defendant create a federal cause of action.